# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0500
Lower Tribunal No. 21-CA-357-P
_____

**John Kuluz, Fred Laemmerhirt, and Lazaro Alberto,**
Appellants,

vs.

**Monroe County, Florida and 17RM Investments, LLC,**
Appellees.

An Appeal from the Circuit Court for Monroe County, James W. Morgan, III, Judge.

Andrew M. Tobin, P.A., and Andrew M. Tobin, for appellants.

Hershoff, Lupino & Yagel, LLP, and Russell A. Yagel and Joanne M. Pereira, for appellee 17RM Investments, LLC; Monroe County Attorney's Office, and Peter H. Morris, Assistant County Attorney, for appellee Monroe County, Florida.


Before LOGUE, MILLER, and LOBREE, JJ.

LOGUE, J.

In this matter, Appellants appeal the entry of summary judgment for Appellees, 17RM Investments, LLC and Monroe County, Florida, and against Appellants. Appellants own lots in the Florida Keys facing or next to seven lots owned by Appellee 17RM. 17RM's lots are undeveloped but are in the process of being permitted for development. Their development will impact views and the neighborhood of Appellants' lots. Appellants filed suit raising various challenges to the development of 17RM's lots.

After a careful review of the arguments and the record, we find no errors in the trial court's determination that the definition of "road" in section 334.03(22) of the Florida Statutes was incorporated into the Monroe County Code, see § 19-31, Monroe County Code ("Road means the same as that term is defined in F.S. § 334.03(23)[1]"); and that the upgrading of a driveway internal to the property and closed to the public does not trigger the need to replat under the Code, see § 110-96, Monroe County Code. Because these determinations are supported by the Code, we also reject Appellants' contention that Monroe County engaged in an "ultra vires zoning contract" when it settled a dispute between Monroe County and 17RM over a prior development order by adopting these interpretations of its Code. Accordingly, we affirm.

---

[1] Citing to the prior version of section 334.03(22), Florida Statutes.

2

Affirmed.